IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DONALD WAYNE EASTMAN                                         PLAINTIFF


VS.                              CASE NO. 06-CV-1069


UNITED STATES OF AMERICA                                    DEFENDANT


## ORDER

Before the Court is Defendant's Second Motion to Dismiss or, in the Alternative, for a More Definite Statement.  (Doc. No. 13).  The Plaintiff has filed a response.  (Doc. No. 15).  The Court finds the matter ripe for consideration.

Donald Eastman incurred federal income tax liabilities for the tax years 1990, 1992 and 1993.  On July 8, 1997, the IRS filed a Notice of Federal Tax Lien securing these liabilities in Dallas County, Texas.  The notice of lien stated that the date of assessment for each tax year was October 2, 1995.  The notice of lien also stated that unless it was refiled by November 1, 2005, the notice would on the day following that date, operate as a certificate of release as defined in 28 U.S.C. § 6325(a).  In August 2005, the IRS retained Plaintiff's 2002 tax refund of $228.00 to partially satisfy the above liens for tax years 1992 and 1993.  On October 3, 2005, the lien documents self released and the notice of federal tax lien was not refiled by the IRS.  Thereafter, on November 2, 2005, the Notice of Federal Tax Lien became the § 6325 (a) certificate of release of these liens.  There are currently no IRS liens in connection with these assessments.

Eastman failed to file a federal income tax return for the tax year 1998.  In 2002, the IRS prepared a substitute return on Eastman's behalf.  When preparing the substitute return, the IRS

included income attributable to the cancellation of Eastman's student loans by the Department of Health and Human Services.  In May 2003, the IRS issued the statutory Notice of Deficiency to Eastman with respect to this 1998 tax liability.[1]  On October 20, 2003, the taxes were assessed against Eastman.  On September 24, 2004, the IRS filed a Notice of Federal Tax Lien securing these liabilities in Ouachita County, Arkansas.  Eastman has filed suit against the United States to quiet title under 28 U.S.C. § 2410, for civil damages for unauthorized collection under 26 U.S.C. § 7432 and § 7433 on unenforceable liens, and for injunctive relief.  The matter is now before the Court on the United States' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) or, in the Alternative, for a More Definite Statement.

## STANDARD OF REVIEW

A motion to dismiss should be granted where the Court lacks subject matter jurisdiction of a matter or the plaintiff fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  Dismissal  for failure to state a claim upon which relief can be granted should be granted only when the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* ___ U.S.___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Consequently, such a motion should be granted where the plaintiffs have failed to "nudge[] their claims across the line from conceivable to plausible."  *Id.*  In evaluating a complaint, only its legal sufficiency may be considered, not the weight of the evidence supporting it.  Furthermore, a court "must accept as true all factual allegations in the complaint."  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507

---

[1] Eastman claims that he did not receive this notice of deficiency because the IRS did not send it to his last known address.

U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).  Thus, the Court will review the

Plaintiff's complaint in light of the above stated standard.

<u>DISCUSSION</u>

<u>I. Action to Quiet Title Pursuant to 28 U.S.C. § 2410</u>

Under 28 U.S.C. § 2410, the United States may be joined as a party to a quiet title action

affecting property in which it claims a lien.  28 U.S.C. § 2410(a); *Bank of Hemet v. United*

*States,* 643 F.2d 661, 664 (9th Cir. 1981).  However, the court's jurisdiction under § 2410 is

limited.  "A taxpayer may not use a section 2410 action to collaterally attack the merits of a tax

assessment."  *Hughes v. United States,* 953 F.2d 531, 538 (9th Cir. 1992).   Rather, the taxpayer

may only contest the procedural validity of a tax lien. *United States v. Coson,* 286 F.2d 453, 456

(9th Cir. 1961).  The United States contends that Eastman's claims under §2410 are not properly

before the Court and asks that they be dismissed for failure to state a claim upon which relief can

be granted.  Fed.R.Civ.P 12(b)(6).

*<u>The 1990, 1992, and 1993 Liens</u>*

Eastman seeks to quiet title to his property affected by the IRS liens for tax years 1990,

1992 and 1993.  However, the tax liens for these years have been released; thus, they are no

longer affecting his property.  On October 2, 1995, the IRS assessed federal taxes against

Eastman for the tax years 1990, 1992, and 1993.  On October 3, 2005, the 10 year collection

statue of limitations on these assessments expired and the lien documents self released.   The IRS

did not refile its notice of lien before November 1, 2005.  Therefore, on November 2, 2005, the

Notice of Federal Tax Lien became the § 6325 (a) certificate of release of these liens.  Since

these liens have been released by the IRS, Eastman's quiet title claim regarding them is moot.

3

Accordingly, the government's Motion to Dismiss in regard to this § 2410 claim should be granted and the claim dismissed for failure to state a claim upon which relief can be granted.

*The 1998 Lien*

Eastman also seeks to quiet title to his property affected by the IRS lien for taxable year 1998. This federal tax lien currently exists in Ouachita County, Arkansas. The Unites States contends that Eastman's claims about the defects in the 1998 lien assessed against him are not properly before the Court. It claims that 28 U.S.C. § 2410 does not provide jurisdiction in federal court for a taxpayer to challenge the validity of a tax lien assessed against him.

A suit under 28 U.S.C. § 2410 is proper only to contest the procedural regularity of a lien; it may not be used to challenge the underlying tax liability. *Pollack v. U.S.,* 819 F.2d 144, 145 (6th Cir. 1987)(citations omitted). In his Amended Complaint, Eastman claims that the IRS did not properly mail a notice of deficiency to him at his last know address, which if proved, would be a procedural defect properly addressed in this Court. Therefore, the Court has limited jurisdiction to review the procedural validity of the 1998 tax lien in question under § 2410. Accordingly, the government's Motion to Dismiss in regard to this claim should be denied.

II. Claims asserted under § 7432

Under 26 U.S.C. § 7432, a taxpayer may bring suit in district court for damages where the IRS knowingly, or by reason of negligence, failed to release a lien on property when the underlying tax liability secured by the lien is fully satisfied or becomes legally unenforceable. 26 U.S.C. §7432; 26 U.S.C. § 6325(a). In this case, Eastman seeks damages for the IRS's failure to issue certificates of release in connection with the lien notice covering tax years 1990, 1992, 1993 and the lien notice covering tax year 1998. The United States contends that these claims

4

under §7432 are not properly before the Court and asks that they be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

### *The 1990, 1992, and 1993 Liens*

Eastman claims that the IRS failed to issue a certificate of release under § 6325 regarding the liens covering tax years 1990, 1992 and 1993.  Therefore, he claims he is entitled to damages under §7432.  The United States argues that a claim under § 7432 is not appropriate in this case because the IRS  has not failed to release the lien in question pursuant to § 6325.  The Court agrees.

The IRS's tax liens covering tax years 1990, 1992 and 1993 self released on October 3, 2005.  On November 2, 2005, the Notice of Federal Tax Lien became the § 6325 (a) certificate of release of the liens covering these tax years.  Thus, these liens have been released by the IRS and a certificate of release has been issued.  Eastman may not seek damages for the IRS's failure to issue a certificate of release when it has done so.  Accordingly, the government's Motion to Dismiss in regard to this claim should be granted and the claim dismissed for failure to state a claim upon which relief can be granted.

### *The 1998 Lien*

Eastman also claims that the IRS has failed to issue a certificate of release under §6325 regarding the lien covering tax year 1998.  Therefore, he claims he is entitled to damages under §7432.  First, the United States contends that Eastman has not exhausted his administrative remedies in regard to this matter.  Therefore, it argues that the Court does not have subject matter jurisdiction to hear this claim.

Before a taxpayer may recover under § 7432, he must exhaust his administrative remedies.

26 U.S.C. §7432(d)(1).  No action may be filed in any federal district court under this section before the earlier of:  the date the decision is rendered on a claim filed under this section; or 2) the date 30 days after the date an administrative claim is filed.  26 C.F.R. § 301.7432-1(e).   In this case, Eastman filed his administrative claim on March 30, 2006.  Therefore, under the regulations, Eastman could file this action the earlier of the date a decision is rendered on the claim[2] or April 30, 2006.  He filed this lawsuit on June 22, 2006, more than 30 days after the filing of his administrative claim.  Thus, this Court has subject matter jurisdiction to hear this matter.

The United States then argues that a claim under § 7432 is not appropriate because § 6325 is not applicable to this case because Eastman's underlying tax liability has not been satisfied or become unenforceable.  A certificate of release will be issued by the IRS only when the underlying tax liability secured by the lien is fully satisfied or becomes legally unenforceable. 26 U.S.C. § 6325(a).  Neither of these events has happened.  Thus, the IRS can not issue a certificate of release of this lien.  Since § 6325 is not applicable to Eastman's 1998 lien, he may not maintain a damage claim under § 7432.  Accordingly, the government's Motion to Dismiss in regard to this claim should be granted and the claim dismissed for failure to state a claim upon which relief can be granted.

III.  Claims asserted under § 7433

Under 26 U.S.C. § 7433, a taxpayer may bring suit in district court for damages where, in the course of collection, the IRS does not follow the statutes and regulations controlling collection actions. 26 U.S.C. § 7433.  In this case, Eastman seek damages for the IRS' reckless or intentional disregard of the Code/regulations governing collections.

---

[2]  This claim is still pending.

The United States claims that Eastman has not exhausted his administrative remedies in this matter. Therefore, it argues that he may not pursue a claim for damages under this section and the claim should be dismissed for lack of subject matter jurisdiction.

Before a taxpayer may recover under Section 7433, he must exhaust his administrative remedies. 26 U.S.C. §7433 (d)(1). No action may be filed in any federal district court under this section before the earlier of: 1) the date the decision is rendered on a claim filed under this section; or 2) the date six months after the date an administrative claim is filed. 26 C.F.R. §310.7433-1(d)(1). The filing of this action does not fall under either of these subsections. However, there is an exception to this regulation. If an administrative claim is filed during the last six months of the two year statute of limitations, the taxpayer may file an action in federal court any time after the administrative claim is filed and before the expiration of the period of limitations. 26 C.F.R. §310.7433-1(d)(2); 26 C.F.R. §310.7433-1(g).

In this case, Eastman's limitation period began to run on September 24, 2004, the date the lien notice was filed relating to his 1998 tax liability. His limitation period to file suit expired two years later, on or about September 24, 2006. Eastman filed his administrative claim in April 2006, during the last six months of the limitations period. Therefore, under the regulations, Eastman could file this action any time after April 2006, (the filing of his administrative claim) and before September 24, 2006, (the expiration of the limitations period). Eastman filed this lawsuit on June 22, 2006, within the time limits set forth in § 310.7433-1(d)(2). Therefore, this §7433 claim is properly before the Court. Accordingly, the government's Motion to Dismiss regarding this claim should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the Unites States' Motion to Dismiss should be **granted in part** and **denied in part**.  Accordingly, Plaintiff Donald Eastman's claim to quiet title under 28 U.S.C. § 2410 regarding the IRS tax liens for tax year 1990, 1992, and 1993 and his claims for damages under 26 U.S.C. § 7432 are hereby dismissed for failure to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6).  The claims remaining before the Court are Eastman's claim to quiet title under 28 U.S.C. § 2410 regarding the IRS' tax lien for tax year 1998 and his damage claim under 28 U.S.C. § 7433.

IT IS SO ORDERED, this 31st day of March, 2008.


       /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge