IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONALD WAYNE EASTMAN                                             PLAINTIFF

VS.                                    CASE NO. 06-CV-1069

UNITED STATES OF AMERICA                                         DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant United States of America. (Doc. No. 32). The Plaintiff has responded to the motion by filing his own Motion for Summary Judgment. (Doc. No. 40). The Defendant has responded to Plaintiff's motion. (Doc. No. 43). The matter is ripe for consideration.

## BACKGROUND

The Plaintiff Donald Eastman did not file a federal income tax return for the 1998 tax year. As a result, in 2002, the Internal Revenue Service ("IRS") prepared a substitute return on Eastman's behalf. When preparing this substitute return, the IRS included income attributable to the cancellation of Eastman's student loans by the Department of Health and Human Services. This resulted in Eastman having outstanding tax liabilities for the 1998 taxable year.

On May 7, 2003, the IRS issued the statutory notice of deficiency to Eastman with respect to the 1998 tax liability. The notice was sent, via certified mail, to Donald Eastman, General Delivery, Mesquite, TX 75149-9999990. This was the address used by Eastman when he and the IRS corresponded on several occasions between 1999 and 2001. In the notice of deficiency, Eastman was informed that he had ninety (90) days after the notice was mailed to file a petition

with the Tax Court for a redetermination of the amount of his tax. No petition was filed. Thereafter, on October 20, 2003, the deficiency was assessed against Eastman by an assessment officer signing the summary record of assessment. On September 24, 2004, the IRS filed a Notice of Federal Tax Lien in Ouachita County, Arkansas, with respect to Eastman's 1998 tax liability.

After learning of the tax lien, Eastman contacted the IRS and informed the service that he had not received the notice of deficiency. Eastman claimed that the lien filed in Ouachita County was unenforceable due to procedural defects which included the improper mailing of the notice of deficiency and the lack of an official assessment. Based on these defects, Eastman requested that the IRS release its tax lien. The lien was not released.

Thereafter, on June 22, 2006, Eastman filed suit to quiet title against the United States and the Internal Revenue Service challenging the validity of the Ouachita County tax lien. On February 22, 2007, all claims against the Internal Revenue Service were dismissed. On April 3, 2007, Eastman amended his complaint dropping the IRS from the suit and bringing all claims against the United States. On May 3, 2007, the United States filed a Motion to Dismiss. On March 31, 2008, the Court granted in part and denied in part the government's motion. Accordingly, there are two issues remaining before the Court: 1) whether the lien related to Eastman's 1998 tax liability is procedurally valid; and 2) whether Eastman's damage claim for an unauthorized collection action under 26 U.S.C. section 7433 has merit. The matter is now before the Court on the parties' cross motions for summary judgment.

STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of

the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.,* 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. When no reasonable jury could render a verdict for the nonmoving party, summary judgment is properly granted. *Taylor v. White,* 321 F.3d 710, 715 (8th Cir. 2003).

## DISCUSSION

In his Amended Complaint, Plaintiff claims that the IRS tax lien in this case is invalid. He is seeking damages against the United States as a result of that invalid lien. Thus, there are two issues before the Court 1) whether the lien related to Eastman's 1998 tax liability is procedurally valid and 2) whether Eastman's damage claim for an unauthorized collection action under 26 U.S.C. section 7433 has merit. The Court will address each issue separately.

*I. Eastman's Challenge regarding the Validity of the 1998 Tax Lien*

Eastman first claims that the IRS's tax lien in this case is not valid because the notice of deficiency was not mailed to his "last known address." Thus, the Court must determine whether the statutory notice of deficiency was properly mailed to Eastman's "last known address" in accordance with 26 U.S.C. section 6212. If it was, then the IRS's tax lien is procedurally valid and summary judgment in favor of the United States is appropriate. If it was not, then the tax lien is procedurally invalid and summary judgment in favor of Eastman is appropriate.

A notice of deficiency is valid if the IRS sends the statutory notice of deficiency to the taxpayer's last know address by certified or registered mail. 26 U.S.C. §§ 6212(a), (b). This notice of deficiency is valid irrespective of actual receipt by the taxpayer as long as it was properly mailed to his or her last known address. *Morse v. Internal Revenue Service,* 635 F.2d 701, 702 (8th Cir. 1980). A taxpayer's last known address is the address which, in light of the facts and circumstances, the IRS reasonably believes the taxpayer wishes the IRS to use in sending mail to him. *Weinroth v. Commissioner,* 74 T.C. 430, 435 (1980); *O'Brien v. Commissioner,* 62 T.C. 543, 548 (1974). In order to reasonably determine a taxpayer's last known address, the IRS is entitled to use documents submitted to it by the taxpayer. Ordinarily, this is the address that appears on the taxpayer's most recently filed and properly processed federal tax return. *Abeles v. Commissioner,* 91 T.C. 1019, 1031 (1988); 26 C.F.R. § 301.6212-2(a). If the taxpayer wishes to change his address with the IRS, he must provide the service with clear and concise notification of the change. *Weinroth,* 74 T.C. at 435. If such notification is not made, the IRS is entitled to rely on the taxpayer's most recent communication relevant to his last known address and is under no duty to ascertain whether the taxpayer is still at some temporary address of uncertain duration. *McCormick v. Commissioner,* 55 T.C. 138, 141-42 (1970).

In this case, Eastman did not file a federal tax return for tax years 1998, 1999, or 2000. Between 1999 and 2001, Eastman used "General Delivery, Mesquite, TX 75149-9999990" as his address when communicating with the IRS. Eighteen months later, in May 2003, the IRS sent Eastman a statutory notice of deficiency, via certified mail, to this Mesquite, TX address. The United States claims that this was the address the IRS reasonably believed Eastman wished it to use in sending him mail. Thus, it argues, this was Eastman's "last known address" at the time the deficiency notice was mailed.

First, Eastman claims that the Mesquite address was not his "last known address" because he provided the IRS with clear and concise notice of a new address prior to May 2003. He claims that this new address was clearly visible on his 2001, 2002 and 2003 federal tax returns. However, the evidence shows that these returns were not filed and properly processed by the IRS before the deficiency notice was mailed to Eastman on May 7, 2003.

Eastman claims that he filed a federal tax return for the 2001 taxable year. In support of this claim, Eastman produced two different copies of a 2001 tax return – one dated April 13, 2001 and one dated April 13, 2002. However, there is no proof that either of these returns was ever mailed to or filed with the IRS.[1] Eastman also claims that he filed federal tax returns in 2002 and 2003 that contained his new address. However, both of these returns were filed after May 7, 2003.[2] None of these returns provided the IRS with the required clear and concise notice

---

[1] The IRS has no record of a 2001 federal tax return being filed by Eastman and Eastman has not produced any proof, e.g., a certified or registered mail receipt, showing that he mailed a 2001 return to the IRS.

[2] Eastman's 2002 tax return was received by the IRS on June 8, 2003 and his 2003 return was received on May 27, 2004. Both returns were rejected by the IRS because they did not contain Eastman's Taxpayer ID Number or his signature signed under penalty of

of Eastman's new address prior to it mailing the notice of deficiency on May 7, 2003. Thus, the IRS was entitled to rely on Eastman's most recent communication relevant to his last known address when mailing the deficiency notice in May 2003. This was Eastman's 1999-2001 correspondences bearing the Mesquite, TX address.

Eastman also claims that the IRS received notice of his new address from various third-party insurance companies with whom he did business. However, it is the taxpayer who bears the burden of providing the IRS with the required clear and concise notice of an address change. If Eastman wanted to change his address, he should have notified the IRS of that change himself. He did not do this and he can not rely on others to do it for him. Information from third parties does not constitute clear and concise notification of a change of address. Thus, the IRS was entitled to rely on Eastman's most recent communication relevant to his last known address, i.e., the 1999-2001 correspondences bearing the Mesquite, TX address.

Next, Eastman claims that the IRS should have known that the General Delivery address was not his "last known address" because it was a temporary address where mail was only held for 30 days if not picked up. This argument is contradicted by the fact that Eastman used this as his mailing address "from 1997 until the time [he] moved to Camden, Arkansas." He also used it when he and the IRS corresponded between 1999 and 2001. There is nothing that indicates that Eastman intended to use this address on a temporary basis or for a limited duration. Accordingly, the IRS was entitled to rely on Eastman's most recent communication relevant to his last known address, i.e., the 1999-2001 correspondences bearing the Mesquite, TX address.

Finally, Eastman argues that the lien is not valid because he did not receive actual notice

---

perjury.

of the deficiency.³  However, actual notice is not required as long as the IRS properly mailed the deficiency notice to Eastman's last known address.  Here, the Mesquite address was Eastman's "last known address" in that it was the address used by Eastman in his most recent communications with the IRS.  It was the address the IRS reasonably believed Eastman wished his mail to be sent.  Therefore, Eastman's actual receipt of the deficiency notice is irrelevant.

Eastman did not provide the IRS clear and concise notice of an address change before the notice of deficiency was mailed on May 7, 2003.  Thus, it was reasonable for the IRS to believe that Eastman wished his mail sent to the Mesquite, TX address used in his prior communications with the IRS.  The deficiency notice in this case was properly mailed to Eastman's "last known address" in accordance with 26 U.S.C. section 6212.  Accordingly, the IRS tax lien against Eastman is valid as a matter of law.

Eastman also claims that the tax assessment made against him is not valid because the IRS did not produce a Form 23C to prove an "assessment officer signature and 23C date."  Thus, the Court must determine if the IRS is required to provide Eastman a Form 23C to prove that a valid assessment was made in this case.

A valid tax assessment is made when an assessment officer signs and dates the summary record of assessment.  26 C.F.R. § 301.6203-1 (2002).  Historically, the summary record of assessment reviewed and signed by the assessment officer was on Form 23C.  However, in order to prove a valid assessment, the IRS is not required to provide the taxpayer with a copy of the actual summary record of assessment.  *March v. I.R.S.,* 335 F.3d 1186, 1188 (10th Cir. 2003).

---

³ Robert Fox, a friend of Eastman's, picked up the deficiency notice from the post office at some point prior to 2006.  Fox did not forward the notice to Eastman or notify him that it was in his possession.

Instead, the service can submit a Certificate of Assessment and Payments on Form 4340 which details the assessments made and the date that the summary record of assessment was signed. This form provides presumptive proof that an assessment was made and validly executed against a taxpayer. *March,* 335 F.3d at 1188-189 (citations omitted).

The IRS may also submit a RACS Report 006 to the taxpayer as proof of a valid assessment. This report, like Form 23C, is a summary record of assessment. However, it is not manually prepared like Form 23C but rather is generated by a computer and then signed and dated by the assessment officer. *Id.* (citing Internal Revenue Manual 3.17.63.21.2(2)(b) (Oct. 1, 2002)). Accordingly, a RACS Report 006 contains the same information as a Form 23C and is certified and signed by an assessment officer. Thus, it is proof that a valid assessment has been executed in a case.

Here, the IRS provided Eastman both a certified Form 4340 and a RACS Report 006 for 1998. These forms are proof that a valid assessment was made in this case and Eastman has provided no proof to the contrary. Accordingly, the IRS's tax assessment against Eastman is valid as a matter of law.

*II. Eastman's Damage Claim under Section 7433*

Under 26 U.S.C. section 7433, a taxpayer may bring suit in district court against the United States for damages when, in the course of collection, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Tax Code or any of its promulgated regulations. 26 U.S.C. § 7433. Here, Eastman is bringing suit under section 7433 for the unauthorized collection action taken against him by the IRS. However, as discussed above, the tax assessment and lien in this case are valid. As a result, the tax code and

its regulations were not violated and no officer or employee recklessly or intentionally disregarded any of its provisions.  Therefore, Eastman's claim under 26 U.S.C. section 7433 is without merit as a matter of law.

## CONCLUSION

For the reasons stated herein and above, the Court finds that Defendant United States of America's Motion for Summary Judgment should be and hereby is **granted**.  Plaintiff Donald Eastman's Motion for Summary Judgment should be and hereby is **denied**.  A judgment of even date, consistent with this Opinion, will be issued.

IT IS SO ORDERED, this 19th day of August, 2009.

    /s/Harry F. Barnes  
Hon. Harry F. Barnes  
Unites States District Judge